```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                             :
RUI HE, et al.,                              :
                                             :      CASE NO. 1:15-CV-1869
           Plaintiffs,                       :
                                             :
v.                                           :      OPINION & ORDER
                                             :      [Resolving Doc. 13]
DAVOR ROM, et al.,                           :
                                             :
           Defendants.                       :
                                             :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Rui He represents a putative class of investors based in China who invested in, and claimed to have been scammed by, American real estate investor Davor Rom and his companies Investor Income Properties, LLC, IIP Ohio, IIP Management, IIP Cleveland Regeneration, LLC, IIP Cleveland Regeneration 2, LLC, Assets Unlimited, LLC, and IIP Akron, LLC (collectively, "Defendants"). Plaintiffs seek recourse in this Court, alleging: (1) Fraud; (2) Breach of Contract; (3) Unjust Enrichment; (3) Negligent Misrepresentation; (4) Fraudulent Non-Disclosure; and (5) Violation of the Ohio Deceptive Trade Practices Act.[1]

Plaintiffs move for a preliminary injunction that would prohibit all Defendants from "transferring, conveying, selling, or encumbering all real estate which is presently titled in their name to any person or entity until the final hearing and trial of this case."[2] Plaintiffs are not concerned about seeking specific performance as to particular properties at issue—indeed, it appears that title

---

[1] Doc. 1.
[2] Doc. 13. Defendants oppose. Doc. 34. Plaintiffs filed a reply. Doc. 36.

Case No. 1:15-CV-01869
Gwin, J.

was already conveyed to members of the putative class as part of the investment.[3] Rather, Plaintiffs are concerned that Defendants will shed their assets to become judgment proof.[4] Plaintiffs seek to ensure that Defendants can satisfy any judgment ultimately rendered by this court.

For the following reasons, the Court **DENIES** Plaintiffs' motion for a preliminary injunction without prejudice.

### I. Legal Standard

A federal court may use any form of pre-judgment attachment available under the law of the state in which the court sits.[5] However, a District Court may alternatively choose to use its power to issue a preliminary injunction to freeze a defendant's assets during the pendency of the litigation.[6]

However, a preliminary injunction is not available in all circumstances. In *Grupo Mexicano v. Alliance Bond Fund, Inc.*,[7] the Supreme Court noted that a District Court has "no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' . . . claim" in the absence of a lien or equitable interest in the assets.[8] In *Williamson v. Recovery Ltd.*, the Sixth Circuit joined other Circuits in distinguishing the *Grupo Mexicano* decision: a preliminary injunction can be used to freeze a defendant's assets, but only

---

[3] Doc. 13 at 4.
[4] *See id.* at 8.
[5] Fed. R. Civ. Pro. 64 ("At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.").
[6] *EBSCO Indus., Inc. v. Lilly*, 840 F.2d 333 (6th Cir. 1987).
[7] 527 U.S. 308 (1999).
[8] *Id.* at 333.

Case No. 1:15-CV-01869
Gwin, J.

where there is evidence of fraudulent conveyances meant to evade collection on the judgment.[9]

A fraudulent conveyance is "a transfer of an interest in property for little or no consideration, made for the purpose of hindering or delaying a creditor by putting the property beyond the creditor's reach."[10]

If a preliminary injunction is available to Plaintiffs under *Williamson*, then the Court considers the traditional four factors of a preliminary injunction: "(1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunctions."[11]

## II. Discussion

Plaintiffs seek to freeze Defendants' assets through this Court's power to issue an injunction.[12] As a result, Plaintiffs must show that Defendants are using or will use fraudulent conveyances to strip themselves of assets. Plaintiffs have not done so.

Plaintiffs try to identify fraudulent conveyances by noting that property transfers between the Defendant companies and affiliated third-parties have "continued unabated" since the filing of the lawsuit.[13] However, Plaintiffs' examples merely demonstrate multi-step real estate transactions, not fraudulent conveyances.

---

[9] *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 628 (2013).
[10] Black's Law Dictionary (10th ed. 2014).
[11] *Farnsworth v. Nationstar Mortg., LLC*, 569 Fed. App'x 421, 425-26 (6th Cir. 2014) (quoting *Overstreet v. Lexington-Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)).
[12] In fact, Plaintiffs specifically disclaim that they seek a pre-judgment attachment under Ohio Revised Code § 2715.01. Doc. 13 at 19.
[13] *Id.* at 15.

Case No. 1:15-CV-01869
Gwin, J.

Plaintiffs point to a two-step property transfer of a house in Akron. Defendant IIP Ohio and non-party Sowal Investment Group bought the property for $35,000 in cash in November 2014.[14] In January 2015, these two entities conveyed the property for no consideration to Defendant IIP Akron.[15] On September 17, 2015, IIP Akron conveyed the property to a local individual for $108,000.[16] That individual took out a mortgage of $106,043 and only paid $1,957 in cash.[17] This most recent transfer is not a fraudulent conveyance.[18] Defendant IIP Akron appears to have conveyed the property for reasonable consideration. Defendant IIP Akron received the proceeds of the mortgage.

Plaintiffs' second example is also not a fraudulent conveyance. Defendant Investor Income Properties bought a parcel of land in Cleveland for $37,500 from non-party VVS, LLC.[19] Defendant Investor Income Properties then conveyed the property to another individual for $49,900 the same day.[20] The Defendant received adequate consideration for selling the parcel. The structure of this transaction does not meet the definition of a fraudulent conveyance.

Plaintiffs next try to demonstrate fraudulent conveyances by pointing to Defendants' handling of properties in the Woodcliff subdivision of Columbus, Ohio.[21] The properties were subject to a court order because of severe habitability issues on the premises.[22] Plaintiffs allege that Defendants

---

[14] Doc. 13-14.
[15] Id.
[16] Id.
[17] Id.
[18] Moreover, the January 2015 transfer is not a fraudulent conveyance, as there is no evidence that the property was sold in anticipation of evading a judgment. This suit was not filed until ten months after the transaction.
[19] Doc. 13-15.
[20] Id.
[21] Id. at 16; Doc. 36 at 2-5.
[22] Doc. 13 at 6.

Case No. 1:15-CV-01869
Gwin, J.

were barred from selling the properties unless the purchasers signed affidavits declaring that they were aware of the court order and would work to remediate the properties.[23] Plaintiffs state that "Rom concealed the ongoing court case, the condition of the properties, and did not acquire an affidavit upon sale [to members of the Plaintiff class]. These fraudulent and unlawful conveyances have now left investors with uninhabitable properties subject to the possibility of being demolished."[24] However, Plaintiffs have confused what might be evidence of *fraud* in their substantive claims, with what might be evidence of *fraudulent conveyances* needed to acquire a preliminary injunction. Plaintiffs have not shown that Defendants failed to receive adequate consideration for the properties in Woodcliff.

Lastly, Plaintiffs seek to meet their burden by generally conflating the fraud alleged in the complaint with the supposed fraudulent conveyances by which Defendants might try to make themselves judgment proof. For example, Plaintiffs write that "Defendants concealed the condition of the properties they cheaply acquired. If Defendants are willing to thwart court orders to make a profit, what will stop them from hiding assets before judgment to keep the profits?"[25] Plaintiffs continue "Defendants' entire operation is built on fraudulent and deceptive activities, including the transfer of properties. Without action by this Court, it is substantially likely that a judgment from Plaintiffs will be worthless. Defendants, by merely continuing their normal practices, are almost certain to scatter their assets to new companies and/or their partners, placing them out of reach of a judgment for Plaintiff."[26]

---

[23] *Id.*
[24] *Id.*
[25] *Id.* at 19. *See also* Doc. 36 at 2-5.
[26] Doc. 13 at 15.

Case No. 1:15-CV-01869
Gwin, J.

First, such inferences are insufficient to show that Defendants are engaged in fraudulent conveyances meant to evade judgment. This Court will not freeze Defendants' assets based on what amounts to character evidence. Second, the argument has an, admittedly ironic, logical flaw. The better Defendants were at the alleged frauds and scams that make up the basis of the complaint, the more income Defendants have to satisfy a judgment.[27/]

Absent any evidence that Defendants are engaging or will engage in fraudulent conveyances meant to evade a judgment in this case, the Court **DENIES** Plaintiffs' motion for a preliminary injunction without prejudice. Plaintiffs have identified properties owned by Defendants, and can continue to monitor title records. Should Plaintiffs return with direct evidence of Defendants' efforts to fraudulently convey funds to avoid judgment, this Court will reconsider the motion on the merits.

IT IS SO ORDERED.

Dated: December 11, 2015          s/       *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[27/] Plaintiffs have also not shown why the Uniform Fraudulent Transfers Act, adopted by Ohio, does not provide a remedy for the potential wrong-doings that Plaintiffs seeks to enjoin.