```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
RUI HE, et al.,                                 :     Case. No. 1:15-CV-1869
                                                :
            Plaintiffs,                         :
                                                :
     v.                                         :     OPINION & ORDER
                                                :     [Resolving Docs. 70, 71, 76, 87, 88, 90]
DAVOR ROM, et al.,                              :
                                                :
            Defendants.                         :
                                                :
                                                :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Rui He represents a putative class of investors based in China who invested in, and claimed to have been scammed by, American real estate investor Davor Rom and his companies Investor Income Properties, LLC, IIP Ohio, IIP Management, IIP Cleveland Regeneration, LLC, IIP Cleveland Regeneration 2, LLC, Assets Unlimited, LLC, and IIP Akron, LLC (collectively, "Defendants"). Discovery in the case is ongoing. Plaintiffs move to compel production from Defendants. For the foregoing reasons, the Court **GRANTS** Plaintiffs' motions to compel in accordance with this opinion.

### I. Procedural Posture

Plaintiffs have filed two motions to compel discovery: one motion against Defendant Davor Rom;[1] the other against the remaining Corporate Defendants.[2] Defendants opposed.[3] First, Defendants argued that Plaintiffs failed to abide by Local Rules when Plaintiffs exceeded the page limit and failed to make the required statement of having made a good faith effort to

---

[1] Doc. 70.
[2] Doc. 71.
[3] Doc. 79; Doc. 81.

Case No. 1:15-CV-1869
Gwin, J.

settle the discovery dispute. Second, Defendants opposed the motions on the merits, arguing this it should not be required to provide discovery until a protective order is filed. Defendant Davor Rom seeks a protective order.[4] So do the Corporate Defendants.[5]

In light of the procedural errors in their original motions, Plaintiffs then re-filed their motions.[6] However, rather than oppose the motions, Defendants moved to strike the motions, arguing that they were improper.[7] Defendants argue that Plaintiffs are trying to "reset" the clock by re-filing the motion, and that the substitute motions are "frivolous" because they deal with the "same issue now pending before the Court" in the first set of motions.[8]

As Defendants concede that the earlier-filed motions are the "same" as the substitute motions, the Court will rule on the earlier, fully-briefed motions in the interest of judicial efficiency. Errors in compliance with the Local Rules do not alter the substance of the motions. As a result, the Court **DENIES** as moot Plaintiffs' substitute motions[9] and Defendants' motion to strike.[10]

## II. Legal Standard

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action.[11] Rule 26(b)(1) of the Federal Rules of Civil Procedure explains that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." However, the requests must be "proportional to the needs of the

---

[4] Doc. 76. This motion is fully briefed. Plaintiffs opposed. Doc. 85. Defendant Rom replied. Doc. 91.
[5] Doc. 83. Plaintiffs oppose. Doc. 85. Defendants have not yet filed their reply. *See* Doc. 96.
[6] *See* Doc. 87 (substitute motion to compel discovery against Davor Rom); Doc. 88 (substitute motion to compel discovery against other Defendants).
[7] Doc. 90.
[8] *Id.*
[9] Doc. 87, Doc. 88.
[10] Doc. 90.
[11] Fed R. Civ. P. 26(b)(1)

2

Case No. 1:15-CV-1869
Gwin, J.

case."[12] A party may request documents that are in the "possession, custody, or control of the party upon whom the request is served."[13]

Rule 26 was amended in 2015 to include the "proportionality" requirement. However, the 2015 amendments do not alter the basic tenet that Rule 26 is to be liberally construed to permit broad discovery.[14]

Parties may also petition the court for an order compelling disclosure or discovery.[15] Specifically, Rule 37(a)(2)(B) enables a court to enter an order "compelling an answer, or designation, production, or inspection" for failure to respond to a Rule 33 interrogatory or a Rule 34 request for production. The rule also provides for sanctions against parties that do not cooperate with discovery. For purposes of this rule, Rule 37(a)(4) instructs that an "evasive or incomplete" answer must be treated as a complete failure to answer. *Id.*

### III. Motion to Compel Against Defendant Davor Rom

Plaintiffs move to compel Davor Rom to comply with Plaintiffs' First Discovery Request.[16] Plaintiffs raise the following arguments in their motion to compel:

1. In response to Requests for Production 2, 3, 6, 7, 8, 15-30, Defendant Rom has improperly "directed" Plaintiffs to seek the requests from the Corporate Defendants instead when "as President, Managing Member, and any other title Rom appointed himself for those companies, Rom has control and access to such documents."

---

[12] *Id.*
[13] Fed. R. Civ. P. 34(a).
[14] See United States v. Leggett & Platt, Inc., 542 F.2d 655, 657 (6th Cir. 1976) (commenting that the "Federal Rules of Civil Procedure authorize 'extremely broad' discovery").
[15] Fed. R. Civ. P. 37.
[16] Doc. 70-9. Plaintiffs' First Discovery Requests include Interrogatories 1-20; Requests for Production 1-31; and Request for Admissions 1-44.

3

Case No. 1:15-CV-1869
Gwin, J.

2. Defendant Rom has improperly refused to produce documents related to the Defendant Companies' governance and operation.

3. Defendant Rom has improperly refused to produce documents with an argument that there is a need for counsel's review.

4. Defendant Rom has improperly refused to produce documents with financial information.

5. Defendant Rom has improperly refused to produce documents because it does not have a protective order.

6. Defendant Rom has improperly refused to produce documents because the parties have not agreed upon an Electronic Stored Information (ESI) Protocol.

The first four objections are easily dealt with:

The Court agrees with Plaintiffs that Defendant Rom cannot refuse to produce documents in his "possession, custody, or control" merely because the documents pertain to another of the Corporate Defendants or even other third parties. Courts have routinely held that corporate officers, corporate employees, and other third parties have "possession, custody, or control" of corporate documents for the purposes of Rule 34.[17] Rom must respond to the requests.

The Court agrees with Plaintiffs that Defendant Rom cannot refuse to produce documents based on the additional time needed for counsel's review. Under Rule 34(b)(2)(A), a party has 30 days to respond after being served with a request for documents. "A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."[18] Defendant Rom may not unilaterally decide that he requires more time.

---

[17] 8B Fed. Prac. & Proc. Civ. § 2210 (3d ed.). *See, e.g.*, *In re Flag Telecom Holdings, Ltd. Secs. Litigation*, 236 F.R.D. 177 (S.D.N.Y. 2006) (Foreign corporation's former senior executive officer had sufficient control over requested corporate documents to support order compelling him to produce them).
[18] Fed. R. Civ. P. 34(b)(2)(A).

4

Case No. 1:15-CV-1869
Gwin, J.

The Court agrees with Plaintiffs that Defendant Rom cannot refuse to produce documents related to his finances and the finances of his companies. As discussed below, Rom may redact his social security number and bank account numbers. But Plaintiffs are seeking relevant discovery related to their claims.

Defendant Rom objects that Plaintiff's definition of "financial institution" is unclear. This is by all appearances a dilatory tactic by Defendant. The noted requests (Request for Production 9, and Interrogatory 12), are sufficiently specific. Plaintiffs seek information on "all banks, credit unions, or other financial institutions in which down payment, purchase money and/or rental incomes of Plaintiffs or Class Members were deposited."[19] Defendant Rom, as a businessman and real estate investor, can surely identify where he deposited client monies, regardless of the technical definitions from BusinessDictionary.com and InvestorWords.com, on which he relies to generate a supposed ambiguity.

Defendant also objects to Request for Production No. 6, which seeks "All closing documents and title documents of each transaction involving Plaintiffs and Class Members in connection with the purchasing of Property from Defendant Companies during the Class Period."[20] The Class period is clearly defined in the discovery requests as July 1, 2013 to present. To the extent Defendant Rom has "possession, custody, or control" of the documents requested, he must produce them, even if he was not a party to any of the transactions. Moreover, the request is not "vague and overly broad" just because Defendant Rom considers some documents to be "financing documents" which would be excluded from the request. The parties must confer to define the scope of "closing documents" if the phrase is unclear to Defendant Rom.

---

[19] Doc. 70-9.
[20] Doc. 79 at 12.

5

Case No. 1:15-CV-1869
Gwin, J.

More generally, Defendant Rom has not made a showing at this time that the requested documents are not proportional to the needs of the case

### A. Protective Order

Defendant Rom has moved for a protective order, and has refused to comply with discovery requests until the protective order is in place.[21] The Proposed Protective Order allows any party "in good faith" to designate a document as Confidential or Highly Confidential.[22] By default, such designated documents will be filed under seal with the Court.[23]

Granting a protective order motion is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings."[24]

Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity.[25] "Thus, documents filed in the court generally must be made available to the public."[26] Moreover, even if all parties jointly seek a protective order or propose a confidentiality agreement, this does not overcome the general rule against sealing cases and documents.[27]

---

[21] Doc. 76.
[22] Doc. 76-2.
[23] *Id.*
[24] *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984)).
[25] *Brown & Williamson*, 710 F.2d at 1178; *see also Wilson v. Am. Motor Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (noting that "trials are public proceedings" and access to court records preserves "the rights of the public, an absent party").
[26] *Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790, 790-91 (6th Cir. 2010).
[27] *Procter & Gambel Co.*, 78 F.3d at 227 (warning district courts against "abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public" and against "turn[ing] this function over to the parties," which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").

6

Case No. 1:15-CV-1869
Gwin, J.

In *Tinman v. Blue Cross & Blue Shield of Michigan*,[28] the court observed that in order to have confidential information in a court record kept under seal, the movant must make a specific showing that "disclosure of the information will result in some sort of serious competitive or financial harm."[29] This Court agrees that a showing of substantial personal or financial harm is required to justify an order sealing any documents in its file.

This Court is a public forum, not a private dispute resolution service. Despite this, the Defendant has asked the Court for blanket authority for the parties to designate documents as "confidential" and to file them under seal. Defendant Rom, however, does not sufficiently demonstrate that this case warrants such a broad order.

The parties must redact social security numbers, bank account numbers, and dates of birth. Otherwise, the documents must be produced by Defendant in compliance with Plaintiffs' discovery requests. Defendant Rom and Plaintiffs may enter into a private agreement as to the information. Should Defendant want additional protections, it must make a specific showing to this Court.

*B. ESI Protocol*

Finally, Defendant Rom has objected to the requested discovery because Plaintiffs have not agreed to a protocol for electronically stored information (ESI). To the contrary, according to the report of the parties' initial planning meeting, the parties agreed upon the standard protocol found at Appendix K to the Northern District of Ohio Local Rules.[30] Defendant Rom appears to have proposed a substitute ESI Protocol in response to Plaintiffs' motion for production.[31]

---

[28] 176 F.Supp.2d 743 (E.D. Mich. 2001).
[29] *Id.* at 745.
[30] Doc. 46.
[31] Doc. 76 at 2.

7

Case No. 1:15-CV-1869
Gwin, J.

Plaintiffs declined to adopt this altered ESI Protocol. Moreover, approval of this protocol is not properly before the Court at this time. Defendant Rom cannot refuse to produce materials based on his desire to make Plaintiffs agree to an additional ESI Protocol. A protocol is already in place. Defendant has not moved for this Court to implement his proposed protocol, nor has Defendant shown cause for the Court to do so.

The Court **GRANTS** Plaintiffs' motion to compel in accordance with this opinion, and **DENIES** Defendant Rom's motion for a protective order. Defendant Rom must produce documents and respond completely to the interrogatories and the requests for admission within fourteen days of this opinion.

### IV. Motion to Compel Against Corporate Defendants

Plaintiffs move to compel the Corporate Defendants to comply with Plaintiffs' First Discovery Request.[32] Defendants oppose, raising separate objections as to the proportionality and relevance of Plaintiffs' discovery requests.[33] Indeed, Defendants concede that they intend to produce documents over many of the objections that they initially raised and that Plaintiffs address in their motion.[34] However, in order to expedite discovery, the Court will still address Plaintiffs' arguments, and then turn to the additional objections raised by Defendants.

*Plaintiffs' Arguments*

Plaintiffs contend that Defendants' objections to the timeperiod are improper. Plaintiffs' discovery requests include two timeperiods: the Class Period, defined as July 1, 2013 to present;

---

[32] Doc. 71-1. As described in Doc. 71 at 6-7, the discovery requests across the Corporate Defendants were nearly identical. The Court will refer to the IIP Ohio requests at Doc. 71-1 for convenience.
[33] Doc. 81.
[34] *Id.* at 15.

8

Case No. 1:15-CV-1869
Gwin, J.

and the Relevant Period, defined as January 1, 2012 to present.[35] The Court agrees with Plaintiffs that these time periods are reasonable, and proportional to the needs of the case.

Plaintiffs contend that Defendants improperly objected to the discovery requests on the claim that it did not transact business with Plaintiff Xiaoguang Zheng. Plaintiffs are correct that Defendants must still conduct searches of their documents for relevant materials to produce. If Defendants did not conduct business with a particular Named Plaintiff or putative Class Member, then there will be no materials to disclose. Plaintiffs' request is proper under Rule 26.

Plaintiffs contend that Defendants are improperly objecting to producing documents without a protective order or ESI protocol in place. The Corporate Defendants have separately moved for their own protective order.[36] This motion is not fully briefed because of Defendants' request for an extension to submit the reply brief. However, as described above, the Court will not enter the protective order allowing all documents labeled Confidential or Highly Confidential to be filed under seal. The Court requires the party to make a specific showing.

The Court will wait for the motion to be fully briefed before ruling. But for the time being, Defendants must make the disclosure. Defendants cannot use the desired protective order as an excuse to delay discovery. However, until this Court rules on the motion for a protective order, Plaintiffs' counsel will not disclose the materials involved with the motion for a protective order.

Moreover, as described above in Defendant Rom's motion, the request for an ESI protocol is also not a proper reason to delay discovery when the parties already agreed at the initial planning meeting to a protocol.

---

[35] Doc. 71-1 at 2.
[36] Doc. 83.

9

Case No. 1:15-CV-1869
Gwin, J.

Plaintiffs contend that Defendants' improperly object to various definitions and terms used in the discovery requests. As described above, "Class Period" and "Relevant Period" are both properly defined. Defendants' objections to the definitions of "financial institutions" "assets," "debts," and "Properties" are unfounded. These terms are either specifically defined or are understandable in the context of the discovery requests. Defendants object to the phrase "real estate services" in Request for Production No. 28, which reads: "All licenses relating to real estate services provided by You, including but not limited to licenses for listing, advertising, selling, brokering, and/or managing Properties." It is clear that Plaintiffs' request relates to licenses. Defendants can reasonably be expected to identify any licenses they have obtained related to real estate. Defendants' objections are unfounded.[37]

*Defendants' Arguments*

Defendants argue that many of Plaintiffs' requests are not proportional to the needs of the case, and that Plaintiffs have not narrowed their requests to the new Rule 26 standard adopted in 2015.

While Plaintiffs have made a few extensive requests, their allegations of fraud and illegal activity are similarly extensive and troubling. Plaintiffs allege that Defendants have improperly moved around client funds, and made intra-company sales to generate profit, to hide assets and to commit fraud on members of the putative class. Plaintiffs' requests for financial documents, tax returns, accountings, and information on assets are proper.

---

[37] Plaintiffs oppose other objections that Defendants raised in response to the discovery requests. *See* Doc. 71 at a17-19. However, Defendants say that they will produce documents despite their objections. Defendants do not directly respond to Plaintiffs' arguments. As a result, the Court will abstain from ruling on these issues at this time. If there appears to be an actual controversy that cannot be resolved through the meet and confer process, the parties may bring this to the Court's attention.

Case No. 1:15-CV-1869
Gwin, J.

Interrogatory No. 6 and Request for Production No. 3 request employee information and personnel files. Given that the allegations are for corporate fraud, breach of contract and various statutory violations, detailed employee information does not appear to be relevant at this time. Defendants must produce the names and roles of employees, but not the personnel files.

Interrogatory No. 13 and Request for Production Nos. 2, 11, and 12 request information on "all companies, entities or legal persons" other than Defendants in whom Defendants own shares or have other ownership interests. So long as Defendants are in "possession, custody, or control" of such documents, these requests are properly tailored to the needs of the case.

The Court **GRANTS** Plaintiffs' motion to compel in accordance with the above opinion. Defendants must produce documents and respond completely to the interrogatories and the requests for admission within fourteen days of this opinion.

### V. Conclusion

The Court will consider the imposition of Rule 37 sanctions should the Defendants fail to comply with this order.

While the Court does not grant a protective order relative to this discovery, the parties are not to disclose any of the discovered information to anyone outside this litigation. Before any party files any documents that include "personal information, financial information, medical or psychiatric information, personnel records, commercially sensitive information that is not publically available or what contains a trade secret or other confidential research, development, or commercial information," the party needs to provide notice to the opposing party to afford them an opportunity to object to the filing.

Finally, this Court notes that it is apparent that the parties and their counsel have not made a sincere attempt to cooperate in pretrial discovery and thus encourages all case

11

Case No. 1:15-CV-1869
Gwin, J.

participants to try to minimize further needless frustration, time, and expense associated with the discovery process. Any further discovery motions must make specific requests supported by good cause. Opposition to those motions must address those specific issues directly.

IT IS SO ORDERED.


Dated: March 10, 2016                    *s/         James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE