```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
RUI HE, et al.,                                     :
                                                    :      CASE NO. 15-cv-1869
               Plaintiffs,                          :
                                                    :
       vs.                                          :      OPINION & ORDER
                                                    :      [Resolving Doc. 132]
DAVOR ROM, et al.,                                  :
                                                    :
               Defendants.                          :
                                                    :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Rui He, Xiaoguang Zheng, and Zhenfen Huang represent a putative class of investors based in China who invested in, and claimed to have been scammed by, American real estate investor Davor Rom and his companies Investor Income Properties, LLC, IIP Ohio, IIP Management, IIP Cleveland Regeneration, LLC, IIP Cleveland Regeneration 2, LLC, Assets Unlimited, LLC, and IIP Akron, LLC (collectively, "Defendants").

Before the Court is Plaintiffs' motion for leave to amend the complaint.[1] Defendant Rom opposed.[2] For the following reasons, this Court **DENIES** Plaintiffs' motion for leave to amend.

## I. Background

This case was originally filed on September 12, 2015.[3] Plaintiffs filed a first amended complaint on October 7, 2015.[4] On January 6, 2016, this Court held a case management conference with parties in chambers.[5] This Court set the deadline to add parties or amend pleadings for February 22, 2016.[6] On February 1, 2016, Plaintiff requested an extension to

---

[1] Doc. 132.
[2] Doc. 137.
[3] Doc. 1.
[4] Doc. 5.
[5] Doc. 47.
[6] Doc. 48.

Case No. 15-cv-1869
Gwin, J.

February 29, 2016, which the Court granted.[7]  On February 24, 2016, Plaintiff requested an additional extension to March 25, 2016 to amend the complaint.[8]  On February 29, 2016, Plaintiffs filed a second amended complaint.[9]  The second amended complaint kept the same defendants, and largely the same factual background, but added claims for securities fraud, breach of fiduciary duty, and conversion.[10]  On March 7, 2015, the Court denied without prejudice the motion for an extension of time to amend the complaint.[11]

Aside from changes to the pleadings, the case is continuing forward.  The class certification deadline was June 20, 2016.[12]  The dispositive motion deadline was July 6, 2016.[13]  Trial remains scheduled for two-week standby beginning October 31, 2016.[14]  Although discovery is scheduled to remain open until October 10, 2016, the case is quickly moving forward.[15]

On June 7, 2016, Plaintiffs filed the instant motion for leave to amend the complaint.  Plaintiffs do not attach a proposed third amended complaint, but state that they intend to add at least eleven other parties and claims under the federal and state anti-racketeering laws.[16]  Plaintiffs allege that they have uncovered a "fraudulent scheme" and a "racketeering [RICO] enterprise" engaged in by the existing defendants and proposed defendants TitleCo Title Agency LLC, WC Management LLC, Property Hotline LLC, SM Moreland, LLC, Close to

---

[7] Doc. 60; Doc. 61.
[8] Doc. 78.
[9] Doc. 86.
[10] Doc. 86.  The second amended complaint also dropped claims for breach of contract, unjust enrichment, and fraudulent nondisclosure.
[11] Doc. 94.
[12] Non-Document Entry, May 13, 2016.
[13] Non-Document Entry, June 24, 2016.
[14] Doc. 48.
[15] *Id.*
[16] Doc. 132.

-2-

Case No. 15-cv-1869
Gwin, J.

Home, Anthony Halsall, Zdravko Rom, Iryna Ivashchuk, Violetta Varenkova, Gary Zeid, Amy Tarle, and Nelli Johnson.

For instance, Plaintiffs claims that proposed defendant WC Management LLC sold properties as part of the scheme. Plaintiffs claim that proposed defendant TitleCo Title Agency LLC "served as the closing and escrow agents and, among other acts, knowingly failed to disclose numerous material facts to Plaintiffs."[17] Plaintiffs claim that proposed defendant Violetta Varenkova "supplied distressed properties to Rom and 'IIP' companies . . . and knowingly participat[ed] in the fraudulent scheme."[18] Finally, Plaintiffs claim that proposed defendant Amy Tarle was a property manager for IIP management and "supplied distressed properties to Rom and the 'IIP' companies while receiving sales proceeds from the scheme."[19]

Defendants oppose Plaintiffs' motion to amend.[20]

## II. Legal Standard

Ordinarily leave to amend should be freely given.[21] But "the right to amend is not absolute or automatic."[22] Even Federal Rule of Civil Procedure 15 recognizes that amendment need only be permitted "when justice so requires."

Leave to amend should not be granted if there is "undue delay, bad faith or dilatory motive on the part of the movant [or] . . . undue prejudice to the opposing party by virtue of allowance of the amendment."[23] Delay by itself is not sufficient reason to deny a motion to

---

[17] *Id.* at 2.
[18] *Id.* at 3.
[19] *Id.*
[20] Doc. 137.
[21] *See* Fed. R. Civ. P. 15(a)(2).
[22] *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008) (citations omitted).
[23] *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)).

Case No. 15-cv-1869
Gwin, J.

amend. Instead, courts look to whether there is also a showing of "significant" prejudice.[24] For instance, delaying amendment until after the close of discovery and filing of summary judgment prejudices a defendant.[25] Alternately, forcing a defendant at a late stage in the case to respond to entirely new claims with entirely new defenses is prejudicial.[26] "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier."[27]

"Normally, a party seeking an amendment should attach a copy of the amended complaint."[28]

### III. Discussion

Granting leave to amend will substantially prejudice Defendants in this case.

At the time Plaintiffs filed for leave to amend, mere days were left before class certification and dispositive motions were due. These deadlines have now passed. The requested third amended complaint adds entirely new types of claims and at least eleven defendants.

Indeed, the type of RICO claims proposed by Plaintiffs are particularly complex and will require substantial discovery and additional defense strategies.[29] As Defendant Rom properly

---

[24] *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)).
[25] *See, e.g.*, *id.* at 834.
[26] *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973).
[27] *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001).
[28] *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (citing *Shillman v. United States*, 221 F.3d 1336, 2000 WL 923761, at *6 (6th Cir. 2000) (unpublished table decision)). The court in *Kuyat* then held, "Both because the plaintiffs did not present an adequate motion and because they did not attach a copy of their amended complaint, the district court did not abuse its discretion in refusing to allow the plaintiffs to amend their complaint based on the final sentence of the plaintiffs' memorandum in opposition." *Id.*
[29] "RICO provides a private cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.'" *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 6 (2010) (citing 18 U.S.C. §1964(c)). "Section 1962, in turn, contains RICO's criminal provisions." *Id.* Section 1962 lists the activities for which a private citizen can sue under RICO. These activities include: using or investing income received from a racketeering activity or unlawful debt collecting, 15 U.S.C. § 1962(a); obtaining an interest in or control of an enterprise engaged in or affecting interstate or foreign commerce through a pattern of racketeering activity or unlawful debt collecting, 15 U.S.C. § 1962(b); conducting or participating in an enterprise's affairs through a pattern of racketeering activity or unlawful debt collecting, 15 U.S.C. § 1962(c); or conspiring to commit any of the three above offenses, 15 U.S.C. § 1962(d).

Case No. 15-cv-1869
Gwin, J.

points out, many courts require parties to file RICO Case Statements to address the complexity of RICO claims.[30] Combined, these factors work a substantial prejudice on Defendants if the amendments are allowed. Although discovery has not yet closed, the current case is far into litigation, and Plaintiffs have not made the additional showing justifying such extreme changes in the operative complaint at this time.[31]

Moreover, Plaintiffs request to amend is particularly ill-taken because Plaintiffs had clearly identified many of these new defendants earlier in the litigation. In Plaintiffs' second amended complaint, for instance, Plaintiffs alleged that Rom used partner companies "as part of his scheme" including WC Management and Close to Home, LLC — entities that Plaintiffs now seek to add as new defendants.[32] At that time, Plaintiffs had already identified Amy Tarle as an owner of IIP Management.[33] Plaintiffs had also linked TitleCo Title Agency to Defendants' sales.[34]

Indeed, in Plaintiffs' November 2015 motion for a preliminary injunction, Plaintiffs had already identified now-proposed defendant Violetta Varenkova as Defendants' employee who had set up many of the LLCs at issue.[35]

---

[30] *See Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153 (6th Cir. 1990) ("[T]he district court directed plaintiff . . . to file a RICO 'Case Statement' within twenty days" *because* "both the complaint and the amended complaint contained vague and ambiguous allegations."); *Frank v. D'Ambrosi*, 4 F.3d 1378, 1381 (6th Cir. 1993) (stating that the purpose of a RICO Case Statement is to explain a party's "RICO claims and the factual basis for them"); *Thomas v. Daneshgari*, 997 F. Supp. 2d 754, 758 (E.D. Mich. 2014) (requiring Plaintiffs to file a "RICO case statement," within which Plaintiffs had to "describe in detail" the basis for their RICO claim, and subsequently denying leave to amend complaint); *Wyndham Vacations Resorts, Inc. v. The Consulting Grp., Inc.*, No. 2:12-CV-00096, 2013 WL 3834047, at *9 (M.D. Tenn. July 23, 2013) (requiring a Supplemental RICO Case Statement to further clarify Wyndham's amended RICO claims because of the substantial changes to the Complaint).

[31] Plaintiffs also did not attach their proposed complaint. The Court is relying on Plaintiffs' description of the amended complaint provided in the motion.

[32] Doc. 86 at ¶ 27.

[33] *Id.* at ¶ 28.

[34] *Id.* at ¶ 29.

[35] Doc. 13 at 12. In this motion, Plaintiffs also identified WC Management, and Close to Home Realty, LLC. *Id.*

-5-

Case No. 15-cv-1869
Gwin, J.

Given Plaintiffs' knowledge of the proposed defendants, delaying the proposed amendment to this stage of litigation is evidence of bad faith and dilatory motives. Moreover, the delayed amendment would substantially prejudice the existing Defendants in the case. Under these circumstances, justice does not require granting leave to file yet another amended complaint.

### IV. Conclusion

Accordingly, this Court **DENIES** Plaintiffs' motion for leave to amend. All deadlines currently set by the Case Management Plan and Trial Order remain in force.

**IT IS SO ORDERED.**

Dated: July 7, 2016.                               *s/         James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE