UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | | |
|---|---|---|
| RUI HE, et al., | : | CASE NO. 15-cv-1869 |
| Plaintiffs, | : | |
| vs. | : | OPINION & ORDER |
| DAVOR ROM, et al., | : | [Resolving Docs. 159, 161, 162, 163, 164, 167, 168, 175, 179, 180, 181, 182, 185] |
| Defendants. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Rui He, Xiaoguang Zheng, and Zhenfen Huang (collectively, "Plaintiffs") are Chinese investors who say that Defendant Davor Rom defrauded them. This opinion resolves motions filed by the parties concerning remote participation by Chinese residents in this litigation.

Defendant Rom wanted to depose Plaintiffs He and Zheng,[1] but Chinese law prohibits taking depositions in China for use in foreign courts.[2] This Chinese law became a problem after Plaintiffs He and Zheng applied for visas to enter the United States for trial, but the U.S. embassy denied their applications.[3] Unable to depose He and Zheng in either the U.S. or China, Defendant Rom filed an unopposed motion asking this Court to extend the discovery deadline so that the Defendant can depose Plaintiffs He and Zheng in Hong Kong.[4] This Court grants the motion and orders Defendant Rom to depose He and Zheng by October 25, 2016.

---

[1] Doc. 185.
[2] *Id.* at 2. *See, e.g.*, U.S. Department of State Bureau of Consular Affairs, China: Legal Considerations (Nov. 15, 2013) (https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/china.html).
[3] Doc. 159 at 2; Doc. 163 at 2.
[4] Doc. 185.

Case No. 15-cv-1869
Gwin, J.

Plaintiffs He and Zheng seek permission to testify at trial by videoconference.[5] Defendant Rom opposes.[6] Federal Rule of Civil Procedure 43(a) gives a trial court discretion to permit videoconference testimony "[f]or good cause in compelling circumstances and with appropriate safeguards." The Court finds Plaintiffs He and Zheng have good cause to testify by videoconference because they cannot legally enter the United States despite their genuine efforts to acquire visas.[7] This Court also concludes that adequate safeguards are in place. For instance, videoconferencing will allow the jury to listen to He and Zheng's testimony and to observe their demeanor in real time.[8] The Court grants Plaintiffs He and Zheng's motions to testify at trial by videoconference.

Next, Plaintiffs ask this Court to allow witness Xianyao Wu to testify by videoconference at trial.[9] Ms. Wu resides in China and says she is suffering from an illness that requires regular medical attention.[10] Ms. Wu would need to travel over 7,000 miles while ill to testify in person. This Court concludes that witness Wu has good cause to testify at trial by videoconference and that adequate safeguards are in place.

Defendant Rom requests that this Court order Ms. Wu to travel to Cleveland for pre-trial deposition.[11] Because of the distance and her health concerns, the Court declines to order Ms. Wu to travel to Cleveland. The Court also notes Chinese law prohibits deposing Ms. Wu in China. Therefore, directs the parties to coordinate taking witness Wu's deposition in Hong Kong no later than October 27, 2016.

---

[5] Docs. 159; Doc. 163 at 2.
[6] Doc. 161; Doc. 168.
[7] Doc. 159 at 2; Doc. 163 at 2.
[8] *See Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011).
[9] Doc. 164.
[10] *Id.* at 2-3. The Court does not address the Plaintiffs' other arguments supporting Ms. Wu's remote trial testimony.
[11] Doc. 179 at 6.

Case No. 15-cv-1869
Gwin, J.

Plaintiffs also seek permission to participate in the final pretrial conference by phone.[12] This Court grants the request.[13]

In conclusion, this Court **GRANTS** the Defendant's motion to extend discovery, **GRANTS** Plaintiffs He and Zheng's motion to testify at trial by videoconference, **GRANTS** the Plaintiffs' motion to allow Xianyao Wu to use videoconferencing to testify at trial, and **GRANTS** the Plaintiffs' motion to participate in the final pretrial conference by phone.

**IT IS SO ORDERED.**

Dated: October 13, 2016.                           *s/      James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[12] Doc. 167.
[13] The 2007 Advisory Committee Notes on Fed. R. Civ. P. 16 state that it is sufficient for an absent party to "be available by . . . telephone."