UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| RUI HE, et al., | : | CASE NO. 1:15-CV-1869 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 271, 273, 274, 280, |
| DAVOR ROM, et al., | : | 283] |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Rui He, Xiaoguang Zheng, and Zhenfen Huang sued real estate businessman

Davor Rom and his various real estate companies. On November 3, 2016, a jury found in favor

of the Plaintiffs on their claims against Defendant Davor Rom and three Defendant Companies—

Assets Unlimited, LLC, Investor Income Properties, LLC, and IIP Ohio, LLC—for fraudulent

inducement, negligent misrepresentation, violation of the Ohio Deceptive Trade Practices Act,

and piercing the corporate veil.[1]  The jury awarded Plaintiffs He, Zheng, and Huang

compensatory and punitive damages, attorneys' fees, and costs, totaling $544,276.14 ("the

Judgment").[2]  Defendants appealed.[3]

Now, the Plaintiffs have filed motions (1) to register the Judgment in other judicial

districts;[4] (2) for bond to secure appellate costs;[5] and (3) for sanctions against Defendants'

counsel Jeffrey Krueger.[6]  For the following reasons, the Court **GRANTS** Plaintiffs' motion to

---

[1] Doc. 239-5.
[2] Doc. 265.
[3] Doc. 268.
[4] Doc. 271.  Defendants oppose.  Doc. 272. Plaintiffs reply.  Doc. 274.
[5] Doc. 273.  Defendants oppose.  Doc. 281. Plaintiffs reply.  Doc. 282.  Defendants also moved to file, and filed, a surreply.  Doc. 283.  The Court reviewed the surreply.
[6] Doc. 274. Defendants oppose.  Doc. 276.

register the Judgment; **GRANTS IN PART** Plaintiffs' motion for bond; and **DENIES** Plaintiffs'

motion for sanctions.

### I.    Plaintiffs may register the Judgment in other judicial districts

Plaintiffs seek to enforce the Judgment against Defendants. Plaintiffs say the Defendants

lack assets in the Northern District of Ohio to satisfy the Judgment. Accordingly, Plaintiffs

request permission to register the Judgment in any judicial district where the Defendants have

assets.[7]

Under 28 U.S.C. § 1963, judgment creditors generally must wait until a "judgment [is]

final by appeal" to register their judgment in another judicial district.[8]  However, when the court

that entered the judgment finds "good cause," the judgment creditor may register the judgment in

other jurisdictions before an appeal is final.[9]

Courts use two factors to determine whether good cause exists. First, "[g]ood cause can

be established by an absence of assets in the judgment forum, coupled with the presence of

substantial assets in the registration forum."[10] Second, good cause arises when a judgment debtor

fails to post supersedeas bond after filing an appeal.[11]

Here, both of § 1963's good cause factors are satisfied.  Plaintiffs offer sufficient

evidence showing that Defendants lack assets in the Northern District of Ohio but have

---

[7] Doc. 271.
[8] 28 U.S.C. § 1963.
[9] *Id.*
[10] *Cheminova A/S v. Griffin L.L.C.*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002) (internal quotations omitted); *see also Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 809 F. Supp. 1259, 1275 (E.D. Mich. 1992) (reversed on other grounds) ("[S]howing that a defendant has property in another district and insufficient property in the district rendering the judgment to satisfy the judgment is sufficient reason for permitting the registration of the judgment in other districts.").
[11] *Spray Drift Task Force v. Burlington Bio-Med. Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006) (citing *Cheminova*, 182 F. Supp. 2d at 80); *see also Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 372 (7th Cir. 1991).

substantial holdings in Florida.[12]  Second, Plaintiffs asked Defendants to file supersedeas bond,[13]

and the Defendants refused.[14]

Accordingly, the Court finds good cause exists for the Plaintiffs to register the Judgment

outside the Northern District of Ohio before Defendants complete their appeal.  The Plaintiffs

may register the Judgment in any judicial district where the Defendants have assets.

## II.    Defendants must post a $30,000 bond to secure appellate costs

Plaintiffs ask this Court to order Defendants to post a $50,000 bond to cover Plaintiffs'

costs and attorneys' fees on appeal.[15]  The Court sets bond at $30,000.

Under Appellate Rule 7, "the district court may require an appellant to file a bond or

provide other security in any form and amount necessary to ensure payment of costs on

appeal."[16]

Rule 7 "protect[s] the right of appellees."[17] The decision to impose a bond and to

determine its amount lies within the district court's discretion.[18]  "In deciding whether to impose

a Rule 7 bond, courts typically consider (1) the appellant's financial ability to post a bond; (2)

the risk that the appellant would not pay appellee's costs if the appeal is unsuccessful, (3) the

merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious

conduct."[19]

---

[12] Docs. 271-1 & 271-2 show several Florida real estate properties and bank accounts owned by Defendants.
[13] Doc. 271-3.
[14] Doc. 271-4.
[15] Doc. 273.
[16] Fed. R. App. P. 7.
[17] *Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir.1998); *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir. 2004).
[18] *Adsani*, 139 F.3d at 79; *In re Cardizem*, 391 F.3d at 818.
[19] *Gemelas v. Dannon Co.*, 2010 WL 3703811, at *1 (N.D. Ohio Aug. 31, 2010) (citing *Tri–Star Pictures, Inc. v. Unger*, 32 F. Supp. 2d 144, 147–50 (S.D.N.Y.1999)).

When the underlying action has a fee-shifting provision, the district court may set bond to include the forthcoming appeal's projected attorneys' fees.[20] The Ohio Deceptive Trade Practices Act (ODTPA), an underlying statute in this case, contains a fee-shifting provision.[21]

First, the Court analyzes the four Rule 7 bond factors. Next, the Court determines the bond's amount.

### A. The Rule 7 bond factors weigh in favor of setting bond

As to the first factor, evidence suggests that Defendants have the financial ability to post bond. As previously discussed, Defendants have bank accounts and properties in Florida.[22] Further, Defendants have hotly litigated this case for nearly two years, which suggests that they can make bond.[23] This factor weighs in favor of setting bond.

Under the second factor, there is a substantial risk that the Defendants would not pay Plaintiffs' costs if the Defendants lose their appeal. Defendant Rom demonstrates an aversion to paying the Plaintiffs anything. For instance, Defendant Rom offered $10,000 to settle this case.[24] The discrepancy between Rom's $10,000 offer and the $544,276.14 Judgment showcases Defendants' reticence to make the Plaintiffs whole. Defendants also refused to post a supersedeas bond.[25] This factor weighs in favor of setting bond.

As to the third factor, the Defendants' appeal has some merit. On one hand, Defendants' appeal raises the challenging question of whether the ODTPA applies to the transactions in this case.[26] On the other hand, the appeal also claims that this Court failed to "adequately consider"

---

[20] *Id.* (citing *In re Cardizem*, 391 F.3d at 818).
[21] Ohio Rev. Code § 4165.03(C).
[22] Docs. 271-1 & 271-2.
[23] *See, e.g.,* Docs. 70, 71, & 160 (motions to compel discovery from Defendants).
[24] Doc. 273 at 5.
[25] Doc. 271-4.
[26] Doc. 282-1 at 6.

the Plaintiffs' failed motions for injunctive relief and class certification when determining attorneys' fees.[27]  This characterization is inaccurate.  The Court discussed these two failed motions and deducted the time Plaintiffs spent on these motions from the Plaintiffs' recovery.[28]  This factor leans against setting bond.

Finally, under the fourth factor, Defendants have walked the line separating zealous defense and vexatious conduct.  For instance, this Court granted three motions to compel against Defendants because Defendants unnecessarily drew out discovery.[29]  Additionally, companies related to Defendants served Plaintiff Huang with a retaliatory lawsuit alleging abuse of process immediately after the jury found for the Plaintiffs in this case.[30] A different Northern District of Ohio court dismissed the new lawsuit.[31]  This factor leans in favor of setting bond.

Under these circumstances, bond is appropriate. The Court now turns to setting the bond's amount.

### B.  The Court sets bond at $30,000

Plaintiffs request a $50,000 bond to cover the appeal's projected costs and attorneys' fees.  Defendants say Plaintiffs are not entitled to attorneys' fees and, even if Plaintiffs are entitled, $50,000 is excessive. Defendants' first argument loses, but the second wins.

*The Court includes attorneys' fees in the bond*

Defendants say the bond cannot include attorneys' fees.  Defendants note that ODTPA only allows fee shifting where a defendant willfully violated the ODTPA.[32]  Pointing to the

---

[27] *Id.*
[28] Doc. 265 at 24-25.
[29] Docs. 70, 71, & 160, & 184.  For instance, Defendants refused to produce Shauna Wu's emails, despite her using an @investorincomeproperties.com email address. Doc. 184 at 26.
[30] Doc. 273 at 6.
[31] *IIP Cleveland Regeneration, LLC v. Huang*, 2017 WL 282592, at *1 (N.D. Ohio Jan. 23, 2017).
[32] Doc. 281 at 7-8.

jury's special verdict form, Defendants argue that the jury never found that Defendants willfully

violated the ODTPA.[33]

Although Defendants make a persuasive argument, it loses.  Defendants are correct that

the special verdict only required the jury to determine whether the Defendants violated the

ODTPA. However, the jury also awarded Plaintiffs punitive damages.  The Court instructed the

jury that

> Punitive damages may be awarded against the Defendant as a punishment to
> discourage others from committing similar wrongful acts. You are not required to
> award punitive damages to Plaintiff, and you may not do so unless you find that
> the Plaintiff has met his burden to prove by clear and convincing evidence that the
> Defendants:
> (A) Acted with malice; or
> (B) Acted with aggravated or egregious fraud; or
> (C) Knowingly authorized, participated in, or ratified as principal or master, the
> actions or omissions of an agent or servant that demonstrate malice, or aggravated
> or egregious fraud.[34]

The mens rea element detailed in these instructions satisfies the ODTPA's willfulness

standard.[35]

Defendants argue the jury made a general punitive damages award, not one specifically

attached to the ODTPA violation.  Nonetheless, the Court finds the jury's punitive damages

award sufficiently establishes the Defendants willfully violated the ODTPA.

Accordingly, the Court includes attorneys' fees when setting bond.

---

[33] Doc. 239-4.
[34] Doc. 282-2 at 17-18.
[35] *See Audi AG v. D'Amato*, 469 F.3d 534, 551 (6th Cir. 2006); *In re Cunningham*, 2014 WL 1379136, at *9 (Bankr. N.D. Ohio Apr. 8, 2014).

*The Court sets bond at $30,000*

Plaintiffs ask for a $50,000 bond. Plaintiffs say attorneys Lei Jiang and David Kovach anticipate spending 75-100 hours litigating the appeal.[36] Jiang charges $200 per hour and Kovach charges $350.

Fifty-thousand dollars is excessive. Even if attorney Kovach worked the projected 100 hours, the Plaintiffs would only accumulate $35,000 in fees.

Accordingly, the Court sets bond at $30,000 to account for attorneys' fees and costs.

### III.    The Court declines to sanction attorney Jeffrey Kruger

Plaintiffs seek Rule 11 sanctions against Defendants' attorney Jeffrey Kruger.[37] The Plaintiffs say Mr. Kruger "made blatant false statements regarding the bank accounts and the real estate properties."[38]

Generally, Rule 11 sanctions are warranted if the attorney's conduct was unreasonable under the circumstances.[39]

Mr. Kruger's conduct was not unreasonable. The Plaintiffs identified several bank accounts and properties linked to Defendant Rom. Mr. Kruger offered legitimate arguments that Defendant Rom does not own some of these properties and that limited liability law may shield some bank accounts.[40] Sanctions are denied.

---

[36] Doc. 273 at 7; Doc. 282 at 1.
[37] Doc. 274.
[38] *Id.* at 3.
[39] *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997).
[40] Doc. 272.

### IV.    Conclusion

For the reasons above, the Court **GRANTS** Plaintiffs' motion to register the Judgment;

**GRANTS IN PART** Plaintiffs' motion for bond; and **DENIES** Plaintiffs' motion for sanctions.

IT IS SO ORDERED.


Dated: May 30, 2017                                     *s/        James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE