UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------------
Re Hui, *et al.*,                            :
                                             :
                                             :      CASE NO. 1:15-CV-1869
            Plaintiffs,                      :
                                             :
       vs.                                   :      OPINION & ORDER
                                             :      [Resolving Doc. 307]
Davor Rom, *et al.*,                         :
                                             :
            Defendants.                      :
                                             :
-------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Rui He, Xiaoguang Zheng, and Zhenfen Huang sued real estate businessman David Rom and his various real estate companies. On November 16, 2016, a jury found Defendants liable for violating the Ohio Deceptive Trade Practices Act ("ODTPA"), fraudulent inducement, and negligent misrepresentation.[1] The jury awarded Plaintiffs compensatory damages, punitive damages, attorney's fees, and costs. Defendants appealed the judgment, and the Sixth Circuit affirmed. Plaintiffs now move the Court for appellate attorney's fees and costs.

For the following reasons, the Court **GRANTS** Plaintiffs' motion for Attorney's fees and costs. The Court **ORDERS** defendants to pay $57,271.00 in attorney's fees and $911.76 in costs.

I.      Background

Between 2013 and 2015, Defendants—Davor Rom and various LLCs under his control—sold distressed real estate properties to Plaintiffs. Defendants marketed these properties as Defendant-managed "hands-off" real estate investments that would give a 10 to 20 percent return on investment.

---
[1] Doc. 239.

Case No. 1:15-CV-1869
Gwin, J.

After the promised returns failed to materialize, Plaintiffs sued Defendants for fraudulent inducement, negligent misrepresentation, securities fraud, unlicensed sale of securities, breach of fiduciary duty, violations of ODTPA, and conversion.[2]

A jury returned a verdict for Plaintiffs on their claims for fraudulent inducement, negligent misrepresentation and ODTPA violations. The jury also awarded Plaintiffs attorney's fees and costs.[3] The Court subsequently granted in part and denied in part Plaintiffs' motion for attorney's fees and costs.[4]

Defendants appealed,[5] and the Sixth Circuit affirmed the judgment on September 26, 2018.[6] On October 10, 2018—fourteen days later—Plaintiffs moved the Sixth Circuit for appellate attorney's fees and costs.[7] On October 30, 2018, the Sixth Circuit denied the motion, indicating that the Plaintiffs should first seek fees in the district court.[8] On November 27, 2018, the Sixth Circuit issued its mandate.[9]

Plaintiffs now move the Court for attorney's fees and costs.

## II. Discussion

### A. Plaintiffs Are Entitled to Attorney's Fees

Plaintiffs argue that they are entitled to appellate fees under the Ohio Deceptive Trade Practices Act, which provides that "[t]he court may award . . . reasonable attorney's fees . . . if the court finds that the defendant has willfully engaged in a trade practice listed in division (A) of section 4165.02 of the

---

[2] Plaintiffs later withdrew the breach of fiduciary duty claim. Doc. 222. The Court dismissed Plaintiffs' conversion, securities fraud, and unlicensed sale of securities claims before the jury deliberated.
[3] Doc. 241.
[4] Doc. 265.
[5] Doc. 268.
[6] Doc. 306.
[7] No. 17-3411, Dkt. No. 49. Plaintiffs also moved for sanctions.
[8] No. 17-3411 (6th Cir. Oct. 30, 2018), Dkt. No. 57. The court denied Plaintiffs' motion for sanctions.
[9] Doc. 308.

2

Case No. 1:15-CV-1869
Gwin, J.

Revised Code knowing it to be deceptive."[10] The jury found that Defendants had willfully engaged in deceptive trade practices,[11] and the Court awarded Plaintiffs attorney's fees and costs.[12]

Defendants oppose an appellate fee award on two grounds. Defendants' first argument is that the Plaintiffs waived their rights to fees and costs under Federal Rule of Appellate Procedure 39 because they failed to file within fourteen days of judgment an itemized and verified bill of costs.[13]

This argument is wrong on two fronts. First, Appellate Rule 39 "costs" do not include attorney's fees.[14] Accordingly, the fourteen-day deadline and other Appellate Rule 39 procedural requirements do not apply to attorney's fees. Secondly, Plaintiffs *did* apply for attorney's fees within fourteen days of the judgment.[15]

Defendants' second argument is that Plaintiffs are only entitled to fees for attorney time spent defending their ODPTA claim.

This argument is also wrong. While Plaintiffs only cite ODPTA's fee-shifting provision as the basis for their motion, Plaintiffs are eligible for fees on the basis of their successful fraudulent inducement and negligent misrepresentation claims as well.[16] Under Ohio law, a jury may award attorney's fees as damages in a tort action sounding in fraud.[17] For this reason, the trial jury form

---

[10] O.R.C. § 4165.03(B).
[11] Doc. 239.
[12] Doc. 265.
[13] *See* Fed. R. App. P. 39(d)(1) ("A party who want costs taxed must—within 14 days after entry of judgment—file with the circuit clerk, with proof of service, an itemized and verified bill of costs.").
[14] *See* Kelley v. Metro. Cty. Bd. of Educ., 773 F.2d 677, 681 (6th Cir. 1985) (en banc) ("[T]his court concludes that an award of costs pursuant to Fed.R.App.P. 39(a) is separate and distinct from and totally unrelated to an award of attorney's fees pursuant to [a fee-shifting statute]." (footnote omitted)), *disapproved of on other grounds by* Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987). There is an unresolved circuit split on this issue, with the Sixth Circuit following the majority approach. *See* Hines v. City of Albany, 862 F.3d 215, 222 (2d Cir. 2017) (collecting cases).
[15] Defendants never explain whether they consider the Plaintiffs' motion untimely or merely improperly formatted. Perhaps Defendants mean to argue that Plaintiffs' attorney's fee application was not an "itemized and verified bill of costs." At any rate, the attorney's fee motion *would* have been timely if the 14-day deadline did apply.
[16] Plaintiffs made their trial fee application on this basis. *See* Doc. 244 at 4.
[17] *See* Roberts v. Mason, 10 Ohio St. 277, 279 (1859) (holding that attorney's fees are recoverable as damages "for a tort which involves the ingredients of fraud, malice or insult").

3

indicated that it could award attorney's fees if it awarded punitive damages to the Plaintiffs on *any* of the three claims, which it did.[18]

Even if the Plaintiffs were not entitled to fees on all three of their claims, none of the cases cited by Defendants support the proposition that appellate fee awards are limited to only those hours spent defending claims subject to statutory fee-shifting.[19]

**B. Plaintiffs' Hourly Rate and Billed Time Are Reasonable**

Having determined that an award of attorney's fees is proper, the Court turns to the amount. In calculating reasonable attorney's fees, the Court employs the lodestar method.[20] Under this approach, it calculates the fee by multiplying the number of reasonable hours by the attorneys' hourly rate.[21] The "appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue."[22]

Plaintiffs' attorney Jiang requests fees for 166.13 attorney hours billed at $200 an hour. Jiang has practiced law since 2009,[23] and the 2013 median billing rate for an Ohio attorney with 6-10 years of experience was $200.[24] In 2017, the Court previously approved trial fees for Jiang's firm at an hourly rate of $150.[25] The Court finds that an hourly rate of $200 is reasonable in light of Jiang's

---

[18] Doc 239-4 at 8. *See also Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 515 (6th Cir. 2016) ("If punitive damages are proper, the aggrieved party may also recover attorney fees.").
[19] In *Balsey v. LFP, Inc.*, the first case cited by Defendants, the Sixth Circuit simply affirmed the district court's judgment that the Defendants had not met O.R.C. § 4165.03(B)'s requirements. 691 F.3d 747, 774 (6th Cir. 2012). *Imwalle v. Reliance Medical Products, Inc.* is similarly unavailing. 515 F.3d 531, 554 (6th Cir. 2008). *Imwalle* merely emphasizes the need for detailed time records—not the need to identify hours spent on claims subject to fee-shifting. This decision actually cuts against the Defendants' argument, as it emphasizes that "[w]hen claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorneys fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." *Id.*
[20] *See Wasniewski v. Grzelak-Johannsen*, 549 F. Supp. 2d 965, 972 (N.D. Ohio 2008).
[21] *Id.*
[22] *B & G Mining, Inc. v. Dir., Office of Workers Comp. Programs*, 522 F.3d 657, 663 (6th Cir. 2008).
[23] *See* Doc. 307-2.
[24] Doc. 307-1 at 39.
[25] *See* Doc. 265 at 29. (awarding fees for Jiang LLC at $150 an hour).

Case No. 1:15-CV-1869
Gwin, J.

additional experience since trial, the complexity of appellate work, and its conformity with prevailing market rates.

Plaintiffs' attorney Kovach requests fees for 68.7 attorney hours[26] billed at $350 an hour. Kovach has practiced law since 1978,[27] and Ohio attorneys with 36 or more years of experience charge up to $400 an hour.[28] The Court has previously found that Kovach's $350 hourly rate is reasonable,[29] and it does the same here.

Defendants argue that Plaintiffs' billing entries are vague, "lumped together," and duplicative.[30] These arguments are unpersuasive, as the Plaintiffs' time entries are quite detailed and are sufficient to determine that the hours "actually and reasonably expended in the prosecution of the litigation."[31] Defendants' claims that Plaintiffs "padded" entries or duplicated work are also unpersuasive. For example, the Court notes that while both attorneys travelled back and forth from Cincinnati for oral argument, Plaintiffs only billed at Jiang's *lesser* rate for this time.[32]

The Court awards Plaintiffs $57,271.00 in attorney's fees.[33]

## C. Plaintiffs Are Entitled to $911.76 in Costs

Plaintiffs also move for costs. Under Appellate Rule 39(a)(2), costs are taxed against the appellant if a judgment is affirmed. Because the judgment was affirmed on appeal, the Court taxes costs against Defendants. Plaintiffs submit records documenting a total of $911.76 for acquiring and printing the trial transcript, printing briefs, travel, and lodging.

---

[26] Kovach billed 72.2 hours but did not charge for 3.5 of them.
[27] *See* Doc. 244-5.
[28] Doc. 307-1 at 39. While the median rate for an attorney with Mr. Kovach's experience is $250, a higher rate (in the 75th percentile) is justified by his expertise and experience.
[29] *See* Doc. 265 at 29. (awarding fees for Mr. Kovach at the rate of $350 an hour).
[30] *See* Doc. 309-1. (listing disputed time entries).
[31] *Imwalle*, 515 F.3d at 553 (quoting *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984)).
[32] *See* Doc. 307-7.
[33] Jiang's fees are $33,226 (166.13 x $200) and Kovach's fees are $24,045 (68.7 x $350).

5

Case No. 1:15-CV-1869
Gwin, J.

Defendants argue that the costs of obtaining and printing the trial transcript are not recoverable. This, too, is incorrect. Federal Rule of Appellate Procedure 39 explicitly provides that the cost of a reporter's transcript is taxable.[34]

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for attorney's fees and costs. The Court **ORDERS** Defendants to pay $57,271.00 in attorney's fees and **ORDERS** Defendants to pay $911.76 in costs.

IT IS SO ORDERED.

Dated: December 20, 2018
                                                      *s/      James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[34] Fed. R. App. P. 29(e)(2) (listing the cost of "the reporter's transcript" as a cost taxable in the District Court).